**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHRISTINE O'BRIEN AND JOHN O'BRIEN, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

WALDMAN & KAPLAN, P.A., et al.,

Defendants.

Civil Action No. 15-7429 (MAS) (LHG)

**MEMORANDUM ORDER**

This matter comes before the Court upon the motion to dismiss by Waldman & Kaplan, P.A. ("Defendant"). (ECF No. 5.) Christine and John O'Brien ("Plaintiffs") oppose the motion. (ECF No. 6.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1.

Plaintiffs filed this punitive class action lawsuit on October 13, 2015, in the United States District Court for the District of New Jersey. (Compl., ECF No. 1.) The complaint alleges that Defendant violated 15 U.S.C. §§ 1692e(10), 1692e(11), and 1692g of the Fair Debt Collection Practices Act ("FDCPA"). (*Id.* ¶¶ 38-49.) Plaintiffs brought this action on behalf of all New Jersey consumers who were sent similar collection letters by Defendant. (*Id.* ¶ 11.)

On or about April 8, 2015, Plaintiffs received correspondence from Defendant, dated April 8, 2015, which concerned a debt Plaintiffs allegedly owed to AS1 Enterprises, LLC ("AS1"). (*Id.* ¶ 20.) The correspondence stated,

> You may contact a representative at FCI Lender Services, Inc., with a mailing address of P.O. Box 27370, Anaheim, CA 92809-0112 toll free at 1-800-931-2424 between the hours of 8:00 am to 6:00 pm

> PST if you disagree with the Lender's assertion that a default has occurred or the correctness of the mortgage lender's calculation of the amount required to cure the default within thirty (30) days of this Letter.

(Compl., Ex. A, ECF No. 1-1.) The validation notice required by 15 U.S.C. § 1692g appeared further down on the same page. (*Id.*)

Defendant argues that the Court should grant its motion to dismiss because its communication would not leave the least sophisticated consumer uncertain as to how and when to dispute the debt. (Def.'s Moving Br. 7, ECF No. 5-1.) Defendant additionally argues that the communication did not mislead Plaintiffs as to Defendant's status as a debt collector or indicate that Plaintiffs could dispute the debt by phone. (*Id.* at 16.)

Defendant asserts that its correspondence is similar to the communication in *Wilson v. Quadramed Corp.*, which contained language that the debtor had the opportunity to pay immediately to avoid further collection action. (*Id.* at 9 (citing *Wilson v. Quadramed Corp.*, 225 F.3d 350, 352 (3d Cir. 2000)).) Defendant argues that its correspondence, like that in *Wilson*, simply presented Plaintiffs with two options, and therefore was not misleading. (*Id.* at 9-10.) Finally, Defendant argues that the correspondence is not misleading regarding Defendant's status as a debt collector because Defendant may be considered a debt collector under the FDCPA depending on the nature of its communication, and because the correspondence goes on to state that any information obtained will be used for the purposes of collecting the debt. (*Id.* at 20.)

Plaintiffs contend that the statement to contact FCI by mail or phone overshadowed the validation notice and would leave the least sophisticated consumer unsure as to whether he or she may dispute the debt by phone or whether the dispute must be in writing. (Compl. ¶ 30.) Plaintiffs also assert that the statement would leave the least sophisticated consumer unsure as to the time period available to dispute the debt. (*Id.* ¶ 31.) Plaintiffs argue that this case is analogous to the

Third Circuit's recent decision in *Caprio v. Healthcare Revenue Recovery Group, LLC*. (Pls.' Opp'n Br. 8-11, ECF No. 6 (citing *Caprio*, 709 F.3d 142 (3d Cir. 2013)).) In *Caprio*, the communication stated, in part, "If we can answer any questions, or if you feel you do not owe this amount, please call us . . . or write us at the above address." (*Id.* at 10 (quoting *Caprio*, 709 F.3d at 145).) Finally, Plaintiffs allege that the statement that Defendant "may" be deemed a debt collector is deceptive. (Compl. ¶ 41.)

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, the Court first separates the factual and legal elements of a claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "The . . . Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* at 210-11. The facts alleged in the complaint must, "show that the plaintiff has stated a 'plausible claim for relief.'" *Id.* at 211. On a motion to dismiss for failure to state a claim brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

Defendant has not met its burden of demonstrating that no claim has been presented. Here, none of the cases cited by Defendant are based on underlying facts more analogous to the facts of the present case than *Caprio*. For example, *Wilson* does not invite the recipient to call or write if he or she disagrees with the correspondence, but instead states that the recipient may pay the stated amount immediately to avoid further collection action. *Wilson*, 225 F.3d at 352. The language in the correspondence at issue in this case is similar to that in *Caprio* in that both communications invite the recipient to call or write if he or she disagrees with the contents of the correspondence. Accordingly, based on a consideration of the arguments raised in the pleadings, and construing the

facts in the light most favorable to Plaintiffs, the Court finds good cause to deny Defendant's 12(b)(6) motion at this stage of the proceedings.

For the reasons set forth above, and other good cause shown,

**IT IS** on this 29th day of June, 2016, **ORDERED** that Defendant's motion to dismiss is **DENIED**.

_/s/ Michael A. Shipp_
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**